# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

PENN-AMERICA INSURANCE
COMPANY,

      Plaintiff,

v.                                  Case No:  6:11-cv-1990-Orl-22TBS

DESLIN HOTELS, INC. d/b/a DESERT
INN RESORT MOTEL, DENNIS BRIAN
DEVLIN, MICHAEL C. EHMEN and
JOHN DOE, IV ,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the Motion to Dismiss the Amended Complaint and/or, in the alternative, Motion for This Court to Abstain Until the Facts Are Determined in the Pending State Court Action, filed by Defendant John Doe IV.  (Doc. 12).  John Doe IV is a 15-year-old child (the "Child"). (Doc. 8-3 ¶ 9).  Upon consideration of the motion, the Child's supplemental filings (Docs. 15 and 21), and Plaintiff's response (Doc. 17), I respectfully recommend that the motion be GRANTED IN PART and DENIED IN PART.

## I.  Background

On December 15, 2011,[2] Penn-America Insurance Company ("Penn America" or "Plaintiff") filed this declaratory judgment action against Deslin Hotels, Inc. d/b/a Desert

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Case 6:11-cv-01990-ACC-TBS   Document 26   Filed 08/29/12   Page 2 of 12 PageID 295

Inn Resort Motel ("the motel"), Dennis Brian Devlin ("Mr. Devlin"), Michael C. Ehmen ("Mr.

Ehmen"), and the Child (collectively "Defendants").  (Doc. 1).  This case arises out of an

underlying state court action, <u>John Doe IV v. Dennis Brian Devlin, Michael C. Ehmen,</u>

<u>Deslin Hotels, Inc. d/b/a Desert Inn Resort Motel</u>, 2011-31437-CICI, (Fla. 7th Cir. Ct.) (the

"State Action"), in which the Child sued the motel for negligence.  (Doc. 8-3).  In the State

Action, the Child also sued the individual defendants for assault, battery, false

imprisonment, and intentional infliction of severe emotional and mental distress due to

injuries the Child sustained as a result of being sexually assaulted on the motel's

premises.  (<u>Id.</u>).

The motel presented the Child's claim to its insurer, Penn-America, under

commercial general liability insurance policy number PAC6835916 (the "Policy").  Penn-

America filed this action and has asked the Court to declare that

> (1) The Policy does not cover any of the claims asserted in the
> [State Action], and that Penn-America has no duty to defend
> or indemnify any insured for the allegations of the [State
> Action] . . . [and (2)] Dennis Devlin and Michael Ehmen are not
> insured under the Policy, and Penn-America has no duty to
> defend or indemnify Dennis Devlin or Michael Ehmen with
> respect to the [State Action].

(Doc. 8 ¶¶ 30, 43).  The Child seeks to dismiss Plaintiff's Amended Complaint.  (Doc. 12).

Alternatively, the Child has asked the Court to "abstain from any rulings in this

dec[laratory judgment] action, until the underlying facts are developed in the state action."

(<u>Id.</u> ¶ 42).

## II.  Discussion

The motion to dismiss is a confused web of frivolous arguments peppered with

irrelevant citations and mis-applied legal principles.  It is both impossible and

---

[2] Penn-America amended its Complaint on February 10, 2012.  (Doc. 8).

unnecessary to address all of the Child's contentions; however, I will address the

arguments that pertain to whether the action for declaratory judgment is properly before

this Court.

### A.  FED. R. CIV. P. 12(b)(1)

#### 1.  Diversity Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the

Court lacks subject matter jurisdiction.  See Steel Co. v. Citizens for a Better Env't., 523

U.S. 83, 94 (1998).  Federal district courts are courts of limited jurisdiction.  Parties

seeking to invoke that jurisdiction over a cause of action must show that the underlying

claim is based upon either diversity jurisdiction[3] or the existence of a federal question (i.e

"a civil action arising under the Constitution, laws, or treaties of the United States").  See

28 U.S.C. §§ 1331-1332.  Federal jurisdiction in this case is premised on diversity

jurisdiction.  (Doc. 8 ¶ 2).

The Child argues that the Court lacks diversity jurisdiction over the claims because

Plaintiff is a citizen of Florida, as evidenced by its Volusia County offices.  (Doc. 12 ¶¶ 38,

40).[4]  The Child also claims that Penn-America is a citizen of the state in which the motel

is a citizen, pursuant to 28 U.S.C. 1332(c)(1). (Id. ¶ 39).  The Child's arguments

demonstrate an inaccurate reading of the federal statute and a gross misunderstanding of

basic principles of federal jurisprudence.

The location of a corporation's office does not establish citizenship.  In federal

court, "[f]or purposes of diversity jurisdiction, a corporation is a citizen of any state by

---

[3] Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states.  See 28 U.S.C. § 1332(a).

[4] The citizenship of the Defendants is not in dispute.  (Doc. 12 ¶ 41; Doc. 17 ¶ 33).

which it has been incorporated and of the state where it has its principal place of

business." Bel-Bel Int'l Corp. v. Cmty. Bank, 162 F.3d 1101, 1106 (11th Cir. 1998) (citing

28 U.S.C. § 1332(c)(1) (1994)).  Although a company may have many offices, the

Supreme Court of the United States has established that a corporation's principal place of

business "is its nerve center: 'the place where a corporation's officers direct, control, and

coordinate the corporations' activities.'"  Freedom Envtl. Servs. v. Borish, Case No. 6:12-

cv-665-Orl-22DAB, 2012 U.S. Dist. LEXIS 89572, at *3 (M.D. Fla. June 20, 2012)

(internal citation omitted).  Penn-America maintains that it was incorporated in

Pennsylvania and its principal place of business is in Pennsylvania.  (Doc. 8 ¶ 6; Doc. 17

¶ 31).  The Child has not offered any evidence to rebut Plaintiff's allegations.  Taking the

allegations in the Complaint as true, I find that Penn-America is a citizen of Pennsylvania

and that there is complete diversity between the parties.

   The Child also argues that Penn-America is a citizen of the state in which the

motel is a citizen, pursuant to 28 U.S.C. 1332(c)(1). (Doc. 12 ¶ 39).  This interpretation of

the statute is legally wrong.  Title 28, United States Code, Section 1332(c)(1) provides

that:

> (1)     a corporation shall be deemed to be a citizen of every
> State and foreign state by which it has been incorporated and
> of the State or foreign state where it has its principal place of
> business, **except that in any direct action against the insurer of**
> **a policy or contract of liability insurance,** whether incorporated
> or unincorporated, to which action the insured is not joined as
> a party-defendant, such insurer shall be deemed a citizen of –
>
> > (A) every State and foreign state of which the insured is
> > a citizen;
> >
> > (B) every State and foreign state by which the insurer
> > has been incorporated; and

> > (C) the State or foreign state where the insurer has its
> > principal place of business; and
>
> > (2)     the legal representative of the estate of a decedent
> > shall be deemed to be a citizen only of the same State as the
> > decedent, and the legal representative of an infant or
> > incompetent shall be deemed to be a citizen only of the same
> > State as the infant or incompetent.

(emphasis added).  The "except that in any direct action" clause in this statute is

inapplicable because this case is not a direct action against Penn-America, the insurer of

the Policy.[5]  This is an action for declaratory judgment brought by the insurer against

those defendants who claim to be insured under the Policy.  Accordingly, I find that

Plaintiff has properly invoked this Court's diversity jurisdiction.

## 2.  Ripeness

The Child contends that this Court lacks subject matter jurisdiction to preside over

this action because the insurance coverage issue is not ripe.  (Doc. 12 ¶¶ 35-36).

Specifically, the Child argues "until there is an actual determination of liability, any

declaratory relief, concerning such coverage, would be an unripe, non-justiciable issue[.]"

(Id. ¶ 36).  The Child fails to specify whether his ripeness challenge is directed at the duty

to defend claim, the duty to indemnify claim, or both.  In Florida,[6] "[t]he duty to indemnify

is separate and distinct from the duty to defend," so, I will consider both iterations of the

argument.  Northland Cas. Co. v. HBE Corp, et al., 160 F. Supp. 2d 1348, 1360 (M.D. Fla.

2001); see Nat'l Union Fire Ins. Co., et al. v. Beta Constr. LLC., et al., 816 F. Supp. 2d

---

[5] A direct action is: "1. A lawsuit by an insured against his or her own insurance company rather than against the tortfeasor and the tortfeasor's insurer. 2. A lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insurer. 3. A lawsuit to enforce a shareholder's rights against a corporation."  Black's Law Dictionary 525-26 (9th ed. 2009).

[6] I have already established that Penn-America properly invoked this Court's diversity jurisdiction. See section II.A.1, supra.  "In diversity of citizenship cases like the present case, a federal district court applies the choice-of law principles of the forum state, in this case, Florida."  Nat'l Union, 816 F. Supp. 2d at 1258.

1256, 1261 (M.D. Fla. 2011); <u>Atl. Cas. Ins. Co. v. GMC Concrete Co., Inc.</u>, CIVIL ACTION 07-0563-WS-B, 2007 U.S. Dist. LEXIS 90428, at *22 (S.D. Ala. Dec. 7, 2007).

### (i) Duty to Defend

An insurer's duty to defend "depends solely on the allegations in the [underlying] complaint filed against the insured." <u>Northland</u>, 160 F. Supp. 2d at 1360 (internal citation omitted); <u>see</u> <u>also</u> <u>National Union</u>, 816 F. Supp. 2d at 1260.  "An insurer's duty to defend is triggered when the complaint states facts that could bring the injury within the policy's coverage." <u>Atain Specialty Ins. Co. v. Miami Drywall & Stucco, Inc. et al.</u>, Case No. 12-21370-CIV-MORENO, 2012 U.S. Dist. LEXIS 103287, at *3 (S.D. Fla. July 25, 2012) (citing <u>State Farm Fire & Cas. Co. v. Steinberg</u>, 393 F.3d 1226, 1230 (11th Cir. 2004)). It is undisputed that upon being sued by the Child, defendants Deslin Hotels, Mr. Devlin, and Mr. Ehmen sought coverage from Penn-America under the Policy.  (Doc. 8 ¶ 22; Doc. 9 ¶ 1).  It is also undisputed that Penn-America has provided Deslin Hotels, Mr. Devlin, and Mr. Ehmen "with defenses in the [State Action] subject to a full reservation of rights and defenses under the Policy."  (Doc. 8 ¶ 23; Doc. 9 ¶ 1).  Upon due consideration, I find that Penn-America's duty to defend claim is ripe and this Court's subject matter jurisdiction is properly invoked.

### (ii) Duty to Indemnify

Unlike an insured's duty to defend, "the duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." <u>Northland</u>, 160 F. Supp. 2d at 1360.  "Because an insured's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." <u>Id.</u>  It is undisputed that the State Action has not yet been resolved and remains pending in

state court.  (Doc. 17 ¶¶ 17-18; Doc. 12 ¶ 1).  Accordingly, I find that Penn-America's duty to indemnify claim is not ripe and recommend that it be dismissed without prejudice to be reasserted, to the extent appropriate, once the State Action has been resolved.

### B.  FED. R. CIV. P. 12(b)(3)

The Child argues that venue is improper in this court because the issues in this case are identical to the issues that will be adjudicated in state court.  (Doc. 12 ¶¶ 25-34).

#### 1.  Colorado River Abstention Doctrine

The Child contends that Colorado River Water Conserv. Dist. et al. v. United States, 424 U.S. 800 (1976), applies to bar this Court from considering Penn-America's claims.  (Id. ¶¶ 32-33).  In Colorado River, the Supreme Court held that a federal district court may decline to exercise jurisdiction in favor of a parallel state court action only in exceptional circumstances, including instances in which a federal constitutional issue might be mooted by a state court ruling on relevant state law; instances in which difficult state law questions have been presented and the effect of the court's ruling "transcends the results in the case at bar;" and instances in which, (absent bad faith, harassment, or an invalid state statute), "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings."  424 U.S. at 813-16.  Case law in this circuit has established that the "exceptional circumstances test" articulated in Colorado River is inapplicable in declaratory judgment actions.  See Wilton v. Seven Falls Co. et al., 515 U.S. 277, 286 (1995); Triple S Ref. Corp. v. Mount Canaan Full Gospel Church, 254 F. App'x 762, 763 (11th Cir. 2007); Branch Banking & Trust Co. v. Pair A Dice, Case No. 8:10-cv-291-T-33EAJ, 2011 U.S. Dist. LEXIS 55709, at *7-8 (M.D. Fla. May 25, 2011) ("In Wilton v. Seven Falls Co., 515 U.S. 277, 279-82 (1995), the Supreme Court clarified that federal courts may abstain from cases arising under the Declaratory Judgment Act in

favor of parallel state court litigation without satisfying Colorado River's exceptional circumstances test."). Nevertheless, for counsel's benefit, I will explain how the Colorado River abstention doctrine would not bar this Court's jurisprudence, even if it were applicable.

Before a district court may apply the Colorado River abstention doctrine, it must first satisfy itself that the federal and state actions are sufficiently parallel. This threshold requirement considers whether the cases involve the same parties and the same issues. The Eleventh Circuit has held that abstention based upon the Colorado River doctrine is inapplicable if the federal and state proceedings are not parallel.  See Acosta v. Gustino, No. 12-10028, 2012 U.S. App. LEXIS 11339, at *4 (11th Cir. June 6, 2012) ("If the federal and state proceedings are not parallel, then the Colorado River doctrine does not apply.").

A review of the record in this case establishes that the state and federal actions do not involve the same parties, as Penn-America is not a party to the State Action.  In addition, the coverage issues that form the basis of Penn-America's federal complaint are not at issue in the State Action.  Here, Penn-America seeks a declaration of its rights and obligations under the Policy.  In the State Action, the Child seeks damages against the motel for negligence and against the individual defendants for various state law causes of action, including: assault, battery, false imprisonment, and intentional infliction of severe emotional and mental distress due to injuries the Child sustained as a result of being sexually assaulted on the motel's premises.  (Doc. 8-3).  The issues raised in the Child's (Revised) Second Amended Complaint (Doc. 8-3) are relevant to Penn-America's obligations under the Policy; however, "the issues are not substantially the same.  Thus, the actions are not parallel, but merely related."  N.H. Ins. Co. v. Hill, CIVIL ACTION NO. 11-0414-CG-B, 2012 U.S. Dist. LEXIS 63794, at *2-10 (S.D. Ala. May 7, 2012) (citing

Essex Ins. Co. v. Foley Essex Ins. Co. v. Foley, CIVIL ACTION 10-0511-WS-M, 2011 U.S. Dist. LEXIS 8170, at *2 (S.D. Ala. Jan 27, 2011) (where insurer is not party to the state court action and state suit does not involve insurer's coverage obligations, state court proceedings are related but not parallel.)).  Lastly, the resolution of all issues in the State Action will not resolve the issues in this action, and vice versa. Due to the Child's failure to satisfy the threshold requirement, it would be improper for this Court to decline to exercise jurisdiction over Penn-America' s declaratory judgment action.

### 2.  Brillhart/Wilton Abstention Doctrine

In the motion, the Child simply quotes from Brillhart v. Excess Ins. Cov., 316 U.S. 491 (1942) in support of his argument that the issues in this case are identical to the issues that will be adjudicated in state court.  (Doc. 12 ¶ 25).  He provides no explanation concerning how the Brillhart standard should factor into this Court's analysis.  The case law in this circuit has established that the "exceptional circumstances test" articulated in Colorado River is inapplicable in declaratory judgment actions.  See Wilton, 515 U.S. at 286; Triple S Ref. Corp., 254 F. App'x at 763; Branch Banking, 2011 U.S. Dist. LEXIS 55709, at *7-8.  Instead, it is more appropriate to consider the Child's arguments under Brillhart and Wilton.  See Wilton, 515 U.S. at 289-90 ("In sum, we conclude that *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 86 L. Ed. 1620, 62 S. Ct. 1173 (1942), governs this declaratory judgment action and that district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion."); see also Regions Bank v. Commonwealth Land Title Ins. Co., Case No. 11-23257-CIV-SCOLA, 2012 U.S. Dist. LEXIS 47466, at *7 (S.D. Fla. April 4, 2012) ("If Regions was seeking declaratory relief only, then the Court would obviously apply the

less stringent standard from *Wilton* in deciding whether dismissal or abatement is appropriate.  It is equally clear that the Court would apply the more exacting *Colorado River* standard if this case involved only non-declaratory claims.").

Upon consideration and review, I find that---like the argument invoking the Colorado River doctrine---this broader argument is plagued by the Child's inability to meet the threshold requirement.  The claims articulated in this Court are separate and apart from the claims being litigated in the State Action, as explained in section II.B.1 of this report.  For these reasons, I conclude that it would be improper to decline to exercise jurisdiction over this case.  See Lee Mem. Health Sys. v. Ranieri, Case No. 2:11-cv-351-FtM-36SPC, 2012 U.S. Dist. LEXIS 61181, at *4-8 (M.D. Fla. May 2, 2012) (The court found that "it would be inappropriate to decline jurisdiction pursuant to the Wilton/Brillhart doctrine" because "[a]lthough the issues [plaintiff] presents in the instant action have consequences for discovery in the State Action, this is not a circumstance in which the same parties present the same issues, nor is this an instance in which both cases would be governed by state rather than federal law.").

The Ameritas factors[7] also weigh against abstention.  This action involves a

---

[7] In Ameritas Variable Life Ins. Co. v. Roach, the Eleventh Circuit established a nine-part analysis to aid district courts in determining whether to abstain from considering a declaratory judgment action during the pendency of a related state court action.  411 F.3d 1328, 1330 (11th Cir. 2005).  The Ameritas factors are:

> (1) The strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) Whether the judgment in the federal declaratory action would settle the controversy; (3) Whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;(4) Whether the declaratory remedy is being used merely for the purpose of "procedural fencing"–that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) Whether there is an alternative remedy that is better or more effective; (7) Whether the underlying factual issues are important to an informed resolution of the case; (8) Whether the state trial court is in a better position to evaluate

completely different set of issues and will not encroach on the jurisdiction of the state court.  Clarifying Penn-America's "obligations to defend or indemnify may facilitate disposition of the underlying proceedings" and "would clarify the parties' legal relations in a manner that the [State Action] cannot since [Penn-America] is not a party to the [State Action]."  N.H. Ins. Co., 2012 U.S. Dist. LEXIS 63794, at *11.  There is nothing on the record to suggest that Penn-America filed this action "merely for the purpose of 'procedural fencing'" or forum shopping.  Instead, Penn-America, "brought this action in the proper forum for an entirely proper purpose to resolve issues not joined in the [State Action]."  Id. at *12.

Upon consideration of the foregoing, I respectfully recommend that the district judge deny the Child's motion to dismiss this action for improper venue.  For the same reasons, I respectfully recommend that the district judge deny the Child's ancillary Motion for this Court to Abstain until the Facts are Determined in the Pending State Court Action.

### C. Fed. R. Civ. P. 12(b)(6)

The Child argues that Plaintiff has failed to state a claim for declaratory judgment. (Id. ¶¶ 1-24).  Federal law provides that district courts may entertain actions for declaratory judgment in "case[s] of actual controversy within its jurisdiction."  28 U.S.C. § 2201(a).  Under such circumstances, district courts have the authority to grant declaratory relief and "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Id.  The actual

---

those factual issues than is the federal court; and (9) Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1330-31.  The Circuit Court noted that these factors are "neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in Brillhart and Wilton."  Id. at 1331.

controversy in this case is whether Penn-America has an obligation to defend and indemnify the motel, Mr. Devlin and/or Mr. Ehmen.  There is complete diversity between the parties and the jurisdictional threshold has been met (see section II.A.1, supra); thus, Penn-America has properly invoked this Court's diversity jurisdiction.  Upon due consideration, I find that Penn-America has adequately stated a claim for declaratory relief and respectfully recommend that the Child's motion be denied on this ground.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Motion to Dismiss the Amended Complaint, by John Doe, IV (Doc. 12) be **GRANTED IN PART** and **DENIED IN PART**.

    a. I recommend that the Motion be granted to the extent it seeks to dismiss Plaintiff's duty to indemnify claim.

    b. I recommend that the motion be denied in all other respects.

2. The alternative Motion for this Court to Abstain until the Facts are Determined in the Pending State Court Action (Doc. 12) be **DENIED**.

3. The Court continue to exercise diversity jurisdiction over this case.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 29, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record