UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PENN-AMERICA INSURANCE COMPANY,**

        Plaintiff,

v.                                      Case No: 6:11-cv-1990-Orl-22TBS

**DESLIN HOTELS, INC., DENNIS BRIAN DEVLIN, MICHAEL C. EHMEN and JOHN DOE, IV ,**

        Defendants.

---

**ORDER**

This cause is before the Court for consideration of United States Magistrate Judge Thomas B. Smith's August 29, 2012 Report and Recommendation ("R&R") (Doc. No. 26) pertaining to Defendant John Doe, IV's ("the Child's") Motion to Dismiss (Doc. No. 12) filed on March 12, 2012. The Child (Doc. No. 28) and the Plaintiff, Penn-America Insurance Company ("Plaintiff") both partially objected to the R&R (Doc. No. 29); each party responded to the other's Objections (Doc. Nos. 31, 32).

**I. BACKGROUND**

Plaintiff filed this declaratory judgment suit to address the parties' rights and obligations under an insurance policy covering a motel and its employees, who are the defendants in an underlying state court suit. (Pl.'s Am. Compl. (Doc. No. 8) pp. 1–3.) In that suit, the Child (through his parent) alleges that two of the motel's employees committed several torts against him, including sexual assault, battery, and false imprisonment. (Def.'s Mot. Dismiss (Doc. No. 12) pp. 7–10.) The motel, which Plaintiff insures under commercial general liability insurance policy number PAC6835916 (the "Policy"), has requested that Plaintiff defend and indemnify it

from the Child's claims. (Doc. No. 8, p. 3.) Plaintiff has defended the motel and its employees in the state action thus far, but has determined that the Policy does not provide coverage for the alleged torts because they resulted from intentional acts of "molestation or abuse." (*Id.* at pp. 7–8.) Count I of Plaintiff's declaratory complaint seeks a judgment from this Court that Plaintiff is not obligated to indemnify or defend the motel in the underlying state action; Count II seeks the same with respect to the motel's employees, who are individually named defendants in the underlying state action.

## II. LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. *Id.* Such *de novo* review must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

## III. ANALYSIS

### A. The Magistrate Judge's Recommendations

The Magistrate Judge recommended that the Motion to Dismiss (Doc. No. 12) be granted as to Plaintiff's duty to indemnify claim and denied in all other respects. The Magistrate Judge also recommended that this Court deny the Child's alternative proposal to abstain until the underlying state court action concludes or otherwise determines the facts at issue. Finally, the Magistrate Judge recommended that the Court "continue to exercise diversity jurisdiction" over the case. For reasons discussed below, this Court will respectfully decline the recommendation to dismiss Plaintiff's duty to indemnify claim, but will adopt the Magistrate Judge's R&R in all other respects and deny the Child's motion in its entirety.

**B. The Child's Objections**

The Child's first objection to the R&R concerns the age of the Child. Magistrate Judge Smith stated, correctly, that the child is fifteen (15) years old. For reasons beyond the comprehension of this Court, the Child spent an entire page objecting to this portion of the R&R, noting that the Child was only thirteen (13) at the time of the events at issue in the underlying state court action. Because Judge Smith correctly stated the Child's current age, the Court will ignore the Child's objection to that portion of the R&R.[1]

Next, the Child objects on the ground that Judge Smith did not consider the Child's Third Amended Complaint in the underlying action. After reviewing the Child's Third Amended Complaint from the underlying action, the Court finds that it has no effect on the Court's consideration of the jurisdictional issues asserted in the Child's own Motion to Dismiss or any of the subsequent briefing before the Court. To the extent that the Child's Third Amended Complaint strengthens his arguments in favor of insurance coverage, those arguments will be considered at a later phase. A plaintiff must supply "only enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff has no trouble meeting that standard.

Finally, the Child made at least one new objection (to the Magistrate Judge's recommendation on abstention) in his Response to Plaintiff's Objections (Doc. No. 31.) The Court need not consider this or any other new objections to the R&R contained in the Child's Response because they were filed more than fourteen (14) days after the R&R was issued. *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections . . . ."). Even if this objection

---

[1] The Court shares Judge Smith's frustration with respect to the Child's Motion to Dismiss and subsequent filings. See R&R (Doc. No. 26) pp. 2–3.

were timely, the Court would still decline to stay its hand in this case because the underlying state action is not suitably parallel to the case at bar to justify invoking such an extraordinary remedy as abstention. Of course, the Court will consider the Child's arguments in his Response to the extent that they pertain to Plaintiff's objections.

### C. Plaintiff's Objections

Plaintiff objects only to the portion of the R&R finding that Plaintiff's "duty to indemnify claim is not ripe and [should be] dismissed without prejudice to be reasserted . . . once the State Action has been resolved." (R&R (Doc. No. 26) p. 7.) In deciding this issue, the R&R relied on *Northland Casualty Co. v. HBE Corp.*, a federal case applying in part the laws of three states, including Florida, to a similar insurance coverage dispute. 160 F. Supp. 2d 1348 (M.D. Fla. 2001). That case, without citing Florida law regarding the indemnification issue, held that "[b]ecause an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Id.* at 1360. Since *Northland*, however, the Florida Supreme Court has changed its interpretation of declaratory judgment actions such that now "an insurer may pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5, 12 (Fla. 2004).[2] "[W]hether the declaratory action or the underlying

---

[2] The Florida Supreme Court reached this conclusion for the following reasons:

> First, the use of the word "or" between subsections 86.011(1) and (2) [of Florida's Declaratory Judgment Act] clearly indicates that the courts have the general power to issue declaratory judgments not only in suits seeking a determination of the existence or nonexistence of any "immunity, power, privilege, or right" but also in suits solely seeking a determination of any fact affecting the applicability of an "immunity, power, privilege, or right." . . . [I]n suits for declaration as to insurance coverage, the insurer "is asking that the court, pursuant to section 86.011, determine 'the existence or nonexistence' of a 'fact . . . upon which the existence or nonexistence of . . . immunity [lack of coverage] . . . does or may depend.' " Second, although section 86.021, upon which *Columbia Casualty* [the previous precedent] exclusively relies, grants to the courts the power to determine any question of "construction or validity" arising under a contract, section 86.051 states that the enumeration of powers in section 86.021 "does not limit or restrict the exercise of the general powers conferred in section 86.011." Therefore, we now

4

action between the claimant and the insured is to proceed first" depends on "numerous fact-intensive considerations" and is inappropriate for determination on a motion to dismiss. *Id.* at 15–16.

Other Middle District courts applying Florida law have utilized the holding in *Higgins* to analyze motions to dismiss in similar cases. *See, e.g., Powers v. Hartford Ins. Co. of the Midwest*, No. 8:10-cv-1279, 2010 WL 2889759, at *2–3 (M.D. Fla. July 22, 2010) ("Thus, based on *Higgins*, issues involving the rights and obligations under an insurance policy come within the purpose of the declaratory judgment statutes . . . ."); *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1292–93 (M.D. Fla. 2009) ("While at one time under Florida law the existence of . . . unresolved facts would bar declaratory relief, the Florida Supreme Court receded from that line of cases in 2004" (citing *Higgins*, 894 So. 2d at 12)).

The Child attempts to distinguish *Higgins* and its progeny from the case at bar by identifying minor differences in the fact patterns, but each of these efforts amounts to an incorrect reading of the case or merely a citation of irrelevant facts. The Child does, eventually, argue that this Court should defer to the underlying state court action because there is a risk that the declaratory judgment action could render some issues *res judicata* before the state court. This claim could be persuasive if sufficiently supported by facts in the record, but it would be inappropriate for the Court to make that determination at this stage in the litigation.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

---

> conclude that the *Columbia Casualty* decision was too limiting of the scope of section 86.021 when read with this other section of the statutes. Third, the Legislature clearly contemplated fact-finding in declaratory actions. Section 86.071 expressly provides a mechanism for jury trials when an action under the Act concerns the determination of an issue of fact. Fourth and finally, section 86.101 clearly provides that chapter 86 is to be "liberally administered and construed." We recently stated in *Olive v. Maas*, 811 So.2d 644, 648 (Fla. 2002), that there has been a "repeated adherence by Florida courts to the notion that the declaratory judgment statute should be liberally construed." This supports the conclusion that chapter 86 is not read as narrowly in recent decisions as it was in *Columbia Casualty*.

*Higgins*, 894 So. 2d at 12 (internal citations and quotations omitted).

1. Magistrate Judge Smith's August 29, 2012 Report and Recommendation (Doc. No. 26) is **ADOPTED**, but only to the extent consistent with this Order.

2. Plaintiff Penn-America Insurance Company's Objection to the Report and Recommendation (Doc. No. 29), filed September 12, 2012, is **GRANTED**; Plaintiff's duty to indemnify claim is not dismissed.

3. Defendant John Doe IV's Partial Objection to the Report and Recommendation (Doc. No. 28), filed September 12, 2012, is **DENIED** in all respects.

4. Defendant John Doe IV's Motion to Dismiss (Doc. No. 12), filed March 3, 2012, is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2012.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Smith